FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
JUL 17 2014
MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, )
)
Plaintiff, ) CRIMINAL NO. 14-2475 JP
)
vs. )
)
NICHOLAS MONDRAGON, )
)
Defendant. )

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, NICHOLAS MONDRAGON, and the Defendant's counsel, JASON BOWLES, Esquire.

### REPRESENTATION BY COUNSEL

1. The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The Defendant further understands the Defendant's rights:

   a. to plead not guilty, or having already so pleaded, to persist in that plea;

   b. to have a trial by jury; and

   c. at a trial:

      (1) to confront and cross-examine adverse witnesses,

1

(2) to be protected from compelled self-incrimination,

(3) to testify and present evidence on the Defendant's own behalf, and

(4) to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The Defendant agrees to waive these rights and to plead guilty to a one count information charging a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), that being Felon in Possession of Ammunition.

## SENTENCING

4. The Defendant understands that the minimum and maximum penalty the Court can impose is:

   a. imprisonment for not more than ten years;

   b. a fine not to exceed $250,000;

   c. a mandatory term of supervised release of not more than three years that must follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked -- even on the last day of the term -- and the Defendant could then be returned to another period of incarceration and a new term of supervised release.); and

   d. a mandatory special penalty assessment of $100.00.

5. The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

6. The United States reserves the right to make known to the United States Pretrial Services and Probation Office and to the Court, for inclusion in the presentence report to be

prepared under Federal Rule of Criminal Procedure 32 any information the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under U.S.S.G. § 1B1.3.

## DEFENDANT'S ADMISSION OF FACTS

7. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense to which I am pleading guilty beyond a reasonable doubt. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

> On February 25, 2014, I knowingly entered "Big R of Las Vegas" in New Mexico and purchased one box of Winchester brand .223 ammunition containing twenty bullets for cash. When bought the bullets, I knew I had been previously had been convicted of receiving/disposing of stolen property (disposing) over $250, aggravated assault against a household member, attempt to commit a felony, theft/rental property (deception $1,000 - $20,000 attempted), and theft of government property. As a result of those convictions, I knew that I was considered a convicted felon and prohibited from ever possessing firearms or ammunition. I now realize that the bullets that I purchased had travelled into this state from another state, and that possessing ammunition is a federal felony crime. I also realize that the purpose for which I might possess ammunition generally is not a defense. I take full responsibility for my actions.

8. By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime to which the Defendant will plead guilty. The Defendant agrees

that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## **STIPULATIONS OF THE PARTIES**

9. The parties have agreed to the following stipulations, which are not binding on the Court, but they respectfully request this Court accept the plea agreement and the following stipulations:

    a.    Guideline Calculation. The parties agree that Defendant's conviction in 2004 for aggravated assault against a household member was a "crime of violence," and therefore, a base offense level of 20 applies pursuant to USSG § 2K2.1(a)(4). The parties also agree that no specific offense characteristic applies. For purposes of this plea, the parties estimate that Defendant will have 9 points, which results in criminal history category IV. Before any departure or variance, a total offense level of 20 combined with a criminal history category of IV would result in an advisory sentencing range of 51-63 months, and Zone D would require imprisonment.

    b.    Acceptance of Responsibility. As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. Consequently, pursuant to USSG § 3E1.1, so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct, the Defendant is entitled to a reduction of **three levels** from the base offense level as calculated under the sentencing guidelines. The United States also notes that this is a pre-indictment acceptance of responsibility, which is a fact that this Court may

consider in exercising its sentencing discretion in the interests of judicial economy and a testament to Defendant's sincerity in accepting responsibility for his criminal conduct.

  c. <u>Fine</u>. The United States agrees that no fine be imposed.

  d. <u>Low-End Advisory Range</u>. The United States does not opposes a sentence at the low-end of the correctly calculates advisory sentencing range.

  e. <u>Departure and Variance Arguments</u>. The Defendant may seek a further reduction through a variance or departure, or both. The United States specifically notes that the underlying conduct in this case was the purchase of bullets for $22.99 from a retail store for what otherwise could have been lawful sporting purposes of others, and that there is no evidence that Defendant used or discharged the ammunition. Despite Defendant's criminal history, the underlying conduct in this case is relatively less dangerous to society than typical felon in possession charges this Court sentences. Therefore, the United States will not oppose this Court applying a departure and/or variance, as justified by arguments made by Defendant on his behalf at sentencing, in order for the Court to impose a sentence that is sufficient but not greater than necessary under 18 U.S.C. § 3559(a). The United States my oppose such arguments based on the scope of what is requested and its justification, but the United States wishes to clearly signal to the Court that it is not opposed to *some* departure and/or variance, which may include a sentence within Zone C in order to give the Court greater sentencing discretion for this case. In addition, the United States will leave any sentence for the alleged supervised release violation to the discretion of the Court as an offense against the Court's order.

  f. <u>Supervised Release Special Conditions</u>. The parties agree that this Court should order that for **three years** Defendant not serve as a guide or assistant in any capacity

to hunters who possess firearms and ammunition, either as a primary means of sporting or for personal protection, because as a convicted felon, Defendant's presence around and near firearms and ammunition risks that he will possess or use firearms and ammunition. In addition, he will not enter or remain in any store in which the sale of firearms or ammunition is a primary part of the store's business. The United States also argues that the imposition of this condition will substantially protect the community and deter future crimes, which may be a consideration for the Court in foregoing other sentencing alternatives.

10. Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

## DEFENDANT'S ADDITIONAL OBLIGATIONS

11. The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

## IMMIGRATION REMOVAL AND OTHER IMMIGRATION CONSEQUENCES

12. Defendant recognizes that pleading guilty will have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate civil proceeding; however, and Defendant understands that no one, including Defendant's attorney or the district court, can predict with certainty the effect of Defendant's conviction on Defendant's immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's plea may entail, even if the consequence is Defendant's automatic removal from the United States.

## WAIVER OF APPEAL RIGHTS

13. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a Defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction and any sentence and fine within or below the applicable advisory guideline range as determined by the Court. The Defendant specifically agrees not to appeal the Court's resolution of any contested sentencing factor in determining the advisory sentencing guideline range. In other words, the Defendant waives the right to appeal both the Defendant's conviction and the right to appeal any sentence imposed in this case except to the extent, if any, that the Court may depart or vary upward from the advisory sentencing guideline range as determined by the Court. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver.

## GOVERNMENT'S AGREEMENT

14. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

   a. The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present information.

   b. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

15. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement). There have been no promises from anyone as to what sentence the Court will impose. The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

16. The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

17. At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $100.00 in payment of the special penalty assessments described above.

## ENTIRETY OF AGREEMENT

18. This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding. This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 17th day of July, 2014.

DAMON P. MARTINEZ
United States Attorney

WILLIAM J. PFLUGRATH
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

I am NICHOLAS MONDRAGON's attorney. I have carefully discussed every part of this Agreement with my client, including potential immigration consequences, as applicable. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement. To my knowledge, my client's decision to enter into this Agreement is an informed and voluntary one.

JASON BOWLES
Attorney for the Defendant

I understand the terms of this Agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this Agreement. Finally, I am satisfied with the representation of my attorney in this matter.

NICHOLAS MONDRAGON
Defendant