IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| vs. | ) ) | 12-CR-2219 JAP 14-CR-2475 JAP |
| NICHOLAS MONDRAGON, | ) ) | |
| Defendant. | ) | |

## DEFENDANT NICHOLAS MONDRAGON'S *SEALED* SENTENCING MEMORANDUM

Defendant Nicholas Mondragon, by and through his counsel of record, Jason Bowles of Bowles Law Firm, hereby submits his sentencing memorandum, and states as follows:

### I. STATEMENT OF FACTS

As in all cases, based on these facts and the factors provided in the relevant sentencing statutes, this Court must now appropriately sentence Mr. Mondragon. Mr. Mondragon will demonstrate below that the relevant sentencing factors strongly support a proposed sentence of fifty-seven months' imprisonment.

**A. 18 U.S.C. § 3553.**

When sentencing a defendant, 18 U.S.C. §3553(a) requires a judge to consider, among other things, the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .; and
> (6) the need to avoid unwarranted sentence disparities among defendants

with similar records who have been found guilty of similar conduct.

### 1. Nature and Circumstances of the Offense

The nature and circumstances of this case serve as a mitigating factor to Mr. Mondragon's sentence. This is an unusual case. Unbeknownst to counsel for Mr. Mondragon and unbeknownst to counsel for the United States, prior to the guilty plea, the Fish and Wildlife Service utilized Mr. Mondragon as a confidential informant from approximately 2009-2012. Exhibit A, B. While serving as a CI, Mr. Mondragon was paid 2000 per month in those months that he provided information. Agent Jason Reily ran Mr. Mondragon's NCIC information prior to employing him as a CI, and his 2004 felony state conviction for aggravated assault came up as "no disposition." The agent did not follow through to see if there was a conviction. Agent Reily should have done so but it is also true that Mr. Mondragon should have also volunteered that he was a prohibited person. However, given that the agent expressed no concern, Mr. Mondragon assumed that it was permissible for him to be a CI. The exculpatory part of this employment as a CI is that during the course of his assistance, another agent, Alex Rodriquez, provided Mondragon with .22 Swift ammunition so that he could pose as a hunter. Thus, on at least one occasion, the government agents gave Mr. Mondragon ammunition.

As this Court is aware, the facts of the crime before the Court, and the basis for the probation violation, was the fact that Mr. Mondragon possessed ammunition as a prohibited person. In other words, the very same conduct, arguably sanctioned by the government a few years before.

Undersigned counsel was not told this information by Mr. Mondragon until some months after he pled guilty. The government also did not provide this information,

although counsel is not suggesting in the slightest that Mr. Pflugrath had any knowledge either. The import of this potentially exculpatory information goes to whether Mr. Mondragon believed he was violating the law. Ultimately, counsel does not believe that Mr. Mondragon has a basis to withdraw his plea, or that he is not guilty of the offense or the probation violation, on an estoppel or equitable type defense. However, such an estoppel defense is at least colorable, and it mitigates the conduct before the Court. Exhibit C.

2. **History and Characteristics of the Defendant**

There is no question that Mr. Mondragon has made some serious mistakes in his life and has multiple felony convictions as the presentence report notes. However, 18 U.S.C. § 3553(a) "requires [this] Court[] to take a holistic view of the defendant," and as discussed above, Mr. Mondragon has redeeming qualities. *United States v. Story*, 635 F.3d 1241, 1244 (10th Cir. Okla. 2011). He is a father of one daughter, Sierra Mondragon, who is 7 years old. He was maintaining employment at Audio Plus in Espanola as a guide to support Sierra at the time of the offense in February 2014. He has an electrical certification and his journeyman electrical license. Mr. Mondragon was employed at Audio Plus in Espanola as of May 2014, earning approximately 2000-3500 per month.

3. **Kinds of Sentences Available and the Sentencing Guidelines Range**

The Guidelines suggest a term of imprisonment ranging from 37 to 46 months, and a term of supervised release ranging from one to three years. PSR at 14-15, ¶¶65, 68.). In the plea agreement, the United States indicated that there were factors, including

that the nature and circumstances of the offense, made "the underlying conduct in this case … relatively less dangerous to society than typical felon in possession charges that this Court sees." Plea Agreement at para. 9(e). In addition, the United States does not oppose a sentence at the low end of the range ultimately calculated by this Court. Plea Agreement at para. 9(d). Given the additional newly discovered information about the government previously itself providing Mr. Mondragon with ammunition while he was prohibited, Mr. Mondragon requests this Court consider a substantial departure/variance. The United States has indicated that it would not oppose some departure/variance, which may give the Court further discretion in sentencing options if Zone C is reached. Plea Agreement at para. 9(e). Mr. Mondragon is requesting this Court depart/vary 10 levels to level 8, and with Category IV, this would put him in a range of 8-14 months. Mr. Mondragon further requests this Court impose a "split" sentence, with half of the time to be served on home confinement.

### 4. The Need to Avoid Unwarranted Sentencing Disparities

Mr. Mondragon's proposed sentence of 8 months' would not create an *unwarranted* sentencing disparity among defendants with similar records who have been found guilty of similar conduct, given the unique facts of this case.

### II. CONCLUSION

For the aforementioned reasons, Mr. Mondragon respectfully requests that this Court accept the parties' plea agreement and sentence him to 8 months' imprisonment, with half the time to be served in home confinement and with such sentence running concurrently with the pending probation violation, which carries a sentencing range of 6-12 months. Mr. Mondragon requests this Court to impose a term of 6 months in that

violation, again to run concurrently, and to "split" that sentence as well so that the net effect is 4 months incarceration and 4 months home confinement.

          Respectfully submitted,

          /s/ Jason Bowles
          Jason Bowles
          Bowles Law Firm
          PO Box 25186
          Albuquerque, NM 87125-5186
          Phone: 505-217-2680
          Fax: 505-217-2681
          Email: jason@Bowles-Lawfirm.com

I hereby certify that a true and correct copy
of the foregoing was electronically submitted
this 27th day of April, 2015 to:

William J. Pflugrath
Assistant United States Attorney


/s/ Jason Bowles
Jason Bowles
Bowles Law Firm